SPRING 1812.<br>I. District.<br><br>RALPH & Co.<br>*vs.*<br>CLAIBORNE.

MANDAMUS DENIED.

### STATE vs. DUPUY.

*By the Court.* The defendant is indicted for *shooting at* a man, with intent to murder him : and we are applied to, to bail him.

The French and English part of an act, construed together, not viewed as distinct acts.

BY the act of 1805, ch. 50, sect. 24, an assault by wilfully *shooting at*, with intent to commit murder, is made a high misdemeanor.

BY that of 1806, ch. 29, sect. 1, *shooting* any person, with intent to commit the crime of murder, is made a capital offence. In the French part, however, of this act, *shooting at*, is made capital ; when done with a murderous intent—*qui tireront avec un arme à feu sur quelque personne.*

SINCE the year 1806, inclusively, the acts of the legislature are passed in both languages, and an original in each, receives the signatures of the speaker of the house of representatives, the president of the council, and the approbation of the governor. So that they are both the text : and the practice of the Court has been, to construe them, one by the other. Neither of them is a translation of the other.

Y

SPRING 1812.
I. District.

STATE
vs.
DUPUY.

BUT we cannot consider the two acts otherwise than as parts of a whole, and not as distinct expressions of the will of the legislature—as *two* acts.

IF we were, the French part of the act of 1806 would take the offence of *shooting at*, with the intention of committing murder, from the class of misdemeanors, and place it into that of capital offences.

CONSTRUING it, however, with the English part, the French is controlled by it, and the shooting remains in the class of misdemeanors, when the party aimed at is missed. We do not allow the French to control the English, because the mode of construction most favourable to the defendant must prevail.

BAIL ADMITTED.